# Exhibit A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiff Tyler Kai Bryant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER KAI BRYANT,<br><br>            Plaintiff,<br><br>    v.<br><br>DUSTIN HEERSCHE; BRADLEY BORDON; ERIC WIATT; and JODY DESJARDINS~~and DOES 1 through 10, inclusive~~,<br><br>            Defendants. | Case No. 2:23-cv-03434 JLS (PVCx)<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>3. Fourteenth Amendment, Denial of Equal Protection (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

TYLER KAI BRYANT, individually, for her Complaint against Defendants DUSTIN HEERSCHE, BRADLEY BORDON, ERIC WIATT, and JODY DESJARDINS ~~and DOES 1 through 10, inclusive~~, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights action seeks compensatory and punitive damages from Defendants for violating Plaintiff TYLER KAI BRYANT's rights under the Fourth Amendment to the United States Constitution in connection with their unlawful arrest and detention of Plaintiff on May 8, 2021—during which Defendants aimed a firearm at Plaintiff without justification and held her in jail for 12-13 hours without probable cause—depriving her of her liberty and causing her significant emotional harm, humiliation, and financial loss.

## PARTIES

4. At all relevant times, Plaintiff TYLER KAI BRYANT ("Plaintiff") was an individual residing in the City of Los Angeles, County of Los Angeles, California. Plaintiff sues in her individual capacity and seeks compensatory and punitive damages under federal law.

5. At all relevant times, Defendant DUSTIN HEERSCHE ("HEERSCHE") was duly appointed by the County of Ventura ("COUNTY") as a Ventura County

Sheriff's Department ("VCSD") deputy and employee or agent of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. HEERSCHE acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the COUNTY and the VCSD, and under the statutes and regulations of the State of California. At all relevant times, HEERSCHE acted within the course and scope of his employment with the COUNTY and the VCSD. HEERSCHE is sued in his individual capacity.

6. At all relevant times, Defendant BRADLEY BORDON ("BORDON") was duly appointed by COUNTY as a VCSD deputy and employee or agent of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. BORDON acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the COUNTY and the VCSD, and under the statutes and regulations of the State of California. At all relevant times, BORDON acted within the course and scope of his employment with the COUNTY and the VCSD. BORDON is sued in his individual capacity.

7. At all relevant times, Defendant ERIC WIATT ("WIATT") was duly appointed by COUNTY as a VCSD deputy and employee or agent of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. WIATT acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the COUNTY and the VCSD, and under the statutes and regulations of the State of California. At all relevant times, WIATT acted within the course and scope of his employment with the COUNTY and the VCSD. WIATT is sued in his individual capacity.

~~5.~~ 8. At all relevant times, Defendant JODY DESJARDINS ("DESJARDINS") was duly appointed by COUNTY as a VCSD deputy and employee or agent of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. DESJARDINS acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the COUNTY and

1  the VCSD, and under the statutes and regulations of the State of California. At all
2  relevant times, DESJARDINS acted within the course and scope of her employment
3  with the COUNTY and the VCSD. DESJARDINS is sued in her individual capacity.

4  6. ~~At all relevant times, Defendants DOES 1-10 ("DOE DEPUTIES") were
5  duly appointed by COUNTY as VCSD officers and employees or agents of COUNTY,
6  subject to oversight and supervision by COUNTY's elected and non-elected officials.
7  DOES 1-10 acted under color of law, to wit, under the color of the statutes, ordinances,
8  regulations, policies, customs, and usages of the COUNTY and the VCSD, and under
9  the statutes and regulations of the State of California. At all relevant times, DOES 1-
10 10 acted within the course and scope of their employment with the COUNTY and the
11 VCSD.~~

12  ~~7.~~9.   In doing the acts and failing and omitting to act as hereinafter described,
13 Defendants HEERSCHE, BORDON, WIATT, and DESJARDINS ~~and DOE
14 DEPUTIES~~ were acting on the implied and actual permission and consent of the
15 COUNTY.

16  8. ~~The true names and capacities of DOES 1-10 are currently unknown to
17 Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will
18 seek leave to amend this Complaint to show the true names and capacities of these
19 Defendants when they have been ascertained. Each of the fictitiously named
20 Defendants is responsible in some manner for the conduct or liabilities alleged herein.~~

21  ~~9.~~10.  At all times mentioned herein, each and every Defendant, ~~including
22 DOES 1-10,~~ was the agent of each and every other Defendant and had the legal duty
23 to oversee and supervise the hiring, conduct, and employment of each and every
24 Defendant.

25  ~~10.~~11. All of the acts complained of herein by Plaintiff against Defendants were
26 done and performed by said Defendants by and through their authorized agents,
27 servants, and/or employees, all of whom at all relevant times herein were acting with
28 the course, purpose, and scope of said agency, service, and/or employment capacity.

1 Moreover, Defendants and their agents ratified all of the acts complained herein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

3 ~~11.~~12. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

5 ~~12.~~13. Plaintiff TYLER KAI BRYANT is a 32-year-old African American woman who resides in the City of Los Angeles, California.

7 ~~13.~~14. At or about ~~11:30 p.m.~~ 12:55 a.m. on May ~~7~~8, 2021, Plaintiff was driving with a friend to Los Angeles from Simi Valley, in Ventura County, where they had been at a bowling alley. The car Plaintiff was driving was registered in her name.

10 ~~14.~~15. While driving on the highway at approximately 50 miles per hour, Plaintiff noticed that a~~n unmarked~~ vehicle began following her. The vehicle did not have lights or sirens on~~, nor did it display other indications that it was not a civilian vehicle~~. At no time during this drive did Plaintiff exceed any posted speed limit.

14 ~~15.~~16. After the ~~unmarked~~ vehicle had followed Plaintiff for approximately two to three miles, the vehicle, which was in fact a~~n unmarked~~ VCSD vehicle, activated its lights and sirens, and Plaintiff promptly pulled over to the side of the road.

17 ~~16.~~17. After Plaintiff pulled over, the ~~unmarked~~ VCSD vehicle pulled over behind her. Shortly thereafter, multiple additional VCSD vehicles arrived, and several VCSD deputies, including HEERSCHE, BORDON, WIATT, and DESJARDINS ~~and DOES 1-10~~ (collectively, "DEFENDANT DEPUTIES"), exited the VCSD vehicles ~~with their firearms drawn~~.

22 ~~17.~~18. ~~DEFENDANT DEPUTIES~~ Defendants BORDON and WIATT ~~approached Plaintiff's vehicle,~~ aimed their firearms at Plaintiff and her passenger, and began shouting commands at them.

25 ~~18.~~19. ~~DEFENDANT DEPUTIES~~ Defendant BORDON ordered Plaintiff to exit the vehicle and walk backwards, with which Plaintiff promptly complied, at which point ~~DEFENDANT DEPUTIES arrested~~ Defendant DESJARDINS handcuffed Plaintiff and Defendant HEERSCHE placed her under arrest. ~~Plaintiff was placed~~

1 ~~under arrest shortly after midnight, in the early hours of May 8, 2021.~~

2   ~~19.~~20. Upon arresting Plaintiff, ~~DEFENDANT~~ Defendant HEERSCHE
3 informed Plaintiff that she had been placed under arrest because her car had been
4 involved in a<ins>n earlier</ins> high-speed chase ~~earlier that day at around 5:00 p.m~~.
5 HEERSCHE informed Plaintiff that three African American men were suspected in
6 that chase and informed Plaintiff that her vehicle matched the description of the vehicle
7 involved in the chase.

8   ~~20.~~21. HEERSCHE conceded to Plaintiff that ~~HEERSCHE and~~
9 ~~DOE~~DEFENDANT DEPUTIES did not know the license plate number of the vehicle
10 used in the earlier chase because it had not been captured at the time, but HEERSCHE
11 nevertheless asserted to Plaintiff that her vehicle was in fact the same vehicle as the
12 one used in the chase.

13   ~~21.~~22. Plaintiff explained to HEERSCHE that <ins>at the time HEERSCHE informed
14 her that the earlier chase had occurred, she had been otherwise engaged and</ins> her vehicle
15 <ins>was not being operated, and thus it</ins> could not possibly have been the one used in the
16 earlier chase, ~~as Plaintiff had been at work in her office in downtown Los Angeles from~~
17 ~~early in the morning of May 7, 2021 until 7 or 8 p.m. that evening, and her vehicle had~~
18 ~~been parked and locked in her office's indoor parking garage—and not operated by~~
19 ~~anyone—for that entire period~~.

20   ~~22.~~23. Plaintiff further noted to HEERSCHE that she and her passenger did not
21 match the number or description of the suspects in the vehicle chase since, as
22 HEERSCHE had already stated, three African American men were suspected, and
23 Plaintiff and her passenger were two women. All that Plaintiff and her passenger had
24 in common with the men suspected in the earlier chase were that they were all African
25 American and purportedly driving a vehicle of the same or similar make and model.

26   ~~23.~~24. HEERSCHE responded by asking Plaintiff whether she had a boyfriend
27 who had been driving the car earlier, suggesting that he may have been one of the three
28 African American men suspected in the chase, and Plaintiff responded that she did not.

24.25. Despite the lack of any evidence that Plaintiff had been involved in the earlier chase other than her operating a purportedly similar vehicle (in the Greater Los Angeles area, where millions of vehicles are driven every day), despite the clear mismatch between the description of the vehicle chase suspects and Plaintiff and her passenger, and despite Plaintiff's alibi, ~~HEERSCHE and~~ DEFENDANT DEPUTIES did not release Plaintiff. Instead, ~~these Defendants~~HEERSCHE placed Plaintiff in the back of a VCSD vehicle, ordered her vehicle impounded, and transported Plaintiff to the Ventura County Main Jail~~, and abandoned her passenger on the side of the highway~~.

25.26. After arrival and booking at the jail, Plaintiff was held for ~~approximately 12 or 13 hours~~a substantial period of time and was asked few or no questions to help COUNTY and VCSD officials confirm or deny whether she had in fact been involved in the earlier chase.

~~26.   During this time, DOE 1, a female deputy trainee who had been present at the scene of Plaintiff's arrest, took photographs of Plaintiff and showed them off to other deputies; yelled at Plaintiff when Plaintiff protested that Defendants had arrested the wrong person; and went through Plaintiff's belongings and loudly mocked Plaintiff for having an EBT card.~~

27. After being held for ~~approximately 12 or 13 hours~~a substantial period of time, Plaintiff was released, at which point ~~Defendant HEERSCHE or~~ one of ~~DOES 1-10~~DEFENDANT DEPUTIES apologized to Plaintiff and stated "mistakes happen."

28. At all relevant times, Plaintiff and her passenger complied with Defendant ~~Deputies'~~ BORDON and WIATT's commands and did not resist arrest.

29. At all relevant times, DEFENDANT DEPUTIES had no information that Plaintiff or her passenger posed any threat of injury to anyone, nor did they have information that Plaintiff or her passenger had injured anyone.

30. Plaintiff and her passenger had in fact, not hurt anyone at any relevant time.

31. At all relevant times, ~~DEFENDANT DEPUTIES~~Defendants BORDON

7
[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES

and WIATT failed to warn Plaintiff or her passenger that they would use force against them before aiming their firearms at them, despite it being feasible to do so, and despite Plaintiff and her passenger's compliance with ~~DEFENDANT DEPUTIES'~~ Defendants BORDON and WIATT's commands.

32. At all relevant times, Plaintiff and her passenger posed no imminent threat of bodily harm to DEFENDANT DEPUTIES or anyone else.

33. At all relevant times, Plaintiff and her passenger made no verbal threats to any officer or anyone else.

34. At all relevant times, DEFENDANT DEPUTIES could observe that Plaintiff and her passenger were unarmed and had no weapons in their possession. The windows in Plaintiff's vehicle were not tinted and, on information and belief, DEFENDANT DEPUTIES had a clear view into her vehicle.

35. At all relevant times, aside from information that an unidentified vehicle that was purportedly similar to Plaintiff's had been used in an earlier chase ~~several hours earlier~~, DEFENDANT DEPUTIES had no information that Plaintiff or her passenger had committed any crime. Indeed, because DEFENDANT DEPUTIES only had information that three *men* were involved in the earlier chase, they in fact had no information that Plaintiff or her passenger, both women, had committed any crime whatsoever.

36. At all relevant times, ~~DEFENDANT DEPUTIES~~ Defendants BORDON and WIATT failed to take steps to de-escalate the situation or give Plaintiff and her passenger the opportunity to cooperate with their instructions or comply with their orders prior to aiming firearms at the two women and arresting Plaintiff.

37. Given the significant differences between Defendants' descriptions of the car chase suspects and Plaintiff, and given that the only similarity between them was their race and the alleged similarity of the vehicles used, Plaintiff was discriminatorily arrested and subjected to subsequent detention solely on account of her African American identity.

38. No criminal charges were ever filed against Plaintiff based on the vehicle chase that was Defendants' stated basis for arresting Plaintiff.

39. As a result of being pulled over by an unidentified vehicle, having firearms aimed at her by a group of Sheriff's deputies shouting commands at her, being wrongfully arrested and held for ~~approximately 12 or 13 hours~~ a substantial period of time, ~~being loudly mocked and objectified by a Sheriff's deputy while in VCSD custody,~~ and experiencing the indignity of being discriminatorily arrested on account of her race, Plaintiff has been traumatized and has suffered significant emotional harm that persists to this day. Because of Defendants' unlawful conduct, Plaintiff suffers from continued anguish and distress from memories of the encounter, arrest, and detention. This anguish and distress has required Plaintiff to start visiting multiple therapists each week, and she has since been diagnosed with anxiety, depression, and post-traumatic stress disorder stemming from her experience with Defendants. These conditions in turn prevented her from securing new employment for many months after her arrest and have inhibited her ability to lead her life as usual. The experience has also substantially diminished Plaintiff's trust in law enforcement, such that when Plaintiff was assaulted approximately one year after the incident, she elected not to contact the police for fear of undergoing a similar degrading, humiliating, and distressing experience again.

40. Because Defendants ordered Plaintiff's vehicle to be impounded, Plaintiff suffered financial harm in that she was required to expend most of her savings to recover her vehicle from impoundment.

41. Additionally, at the time of her arrest in the early hours of May 8, 2021, Plaintiff had recently been hired for a new marketing position, which she was scheduled to begin later that morning. However, because of the arrest and the impoundment of her vehicle, Plaintiff was unable to travel to her new workplace to report for work that day, and as a result she was terminated from the position. Thus, as a result of the arrest and impoundment, Plaintiff lost a significant amount of wages and

suffered substantial injury to her professional reputation.

### FIRST CLAIM FOR RELIEF
### Fourth Amendment – Unreasonable Search and Seizure – Unlawful Detention and Arrest (42 U.S.C. § 1983)
### Plaintiff against All Defendants ~~HEERSCHE and DOES 1-10~~

42. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as if fully set forth herein.

43. Defendants ~~HEERSCHE and DOES 1-10~~ BORDON and WIATT pulled Plaintiff over and initially detained her without reasonable suspicion that Plaintiff had committed any crime.

44. Defendants HEERSCHE and DESJARDINS ~~and DOES 1-10~~ arrested Plaintiff and subsequently continued to detain her in jail for ~~approximately 12 or 13 hours~~ a substantial period of time without probable cause.

45. When Defendants ~~HEERSCHE and DOES 1-10~~ BORDON and WIATT pulled Plaintiff over and detained her at gunpoint prior to her arrest~~ing her~~, they violated Plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. When Defendants HEERSCHE and DESJARDINS ~~and DOES 1-10~~ arrested Plaintiff and placed her in handcuffs, they further violated Plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47. At all relevant times, ~~Defendants HEERSCHE and DOES 1-10~~ DEFENDANT DEPUTIES acted under color of state law. Defendants ~~HEERSCHE and DOES 1-10~~ BORDON and WIATT had no reasonable suspicion to detain Plaintiff, and Defendants HEERSCHE and DESJARDINS had no probable cause to arrest her.

48. In addition to Defendants pulling Plaintiff over and initially detaining her being unreasonable, and the subsequent unjustified and forceful removal of Plaintiff from her vehicle and arrest being unreasonable, the scope and manner of the detention was also unreasonable. It was not necessary to use aim any firearms at Plaintiff, as she promptly complied with Defendants' orders. Moreover, it was not necessary to transport Plaintiff to jail and detain her there for ~~an additional 12 or 13 hours~~ a substantial period of time, after it became clear that she in fact had no connection to the earlier reported vehicle chase, as she repeatedly informed Defendants and as Defendants expressly acknowledged upon her release.

49. The conduct of ~~Defendants HEERSCHE and DOES 1-10~~ DEFENDANT DEPUTIES was done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to ~~Defendants HEERSCHE and DOES 1-10~~ DEFENDANT DEPUTIES. As a direct result of the unreasonable detention and arrest, Plaintiff experienced emotional trauma and suffering for which she is entitled to recover damages.

50. As a result of their misconduct, ~~Defendants HEERSCHE and DOES 1-10~~ DEFENDANT DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

51. Plaintiff brings this claim and seeks damages on this claim, including for Plaintiff's constitutional injuries, emotional distress, humiliation, financial loss, and reduced earning capacity.

52. Plaintiff also seeks attorney's fees and costs for this claim, pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment – Unreasonable Search and Seizure – Excessive Force**

**(42 U.S.C. § 1983)**

**Plaintiff against Defendants ~~HEERSCHE and DOES 1-10~~BORDON and WIATT**

53. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54. When Defendants ~~HEERSCHE and DOES 1-10~~BORDON and WIATT ~~approached Plaintiff and~~ aimed their firearms at ~~her~~Plaintiff, they seized Plaintiff within the meaning of the Fourth Amendment to the United States Constitution. Under federal precedent construing the Fourth Amendment, aiming a firearm at an individual constitutes a use of force even when the firearm is not fired.

55. Defendants ~~HEERSCHE and DOES 1-10~~BORDON and WIATT's uses of force against Plaintiff by aiming their firearms at her were excessive and unreasonable under the circumstances. Plaintiff posed no threat of harm whatsoever to Defendants or anyone else; Defendants had no information that Plaintiff had injured or otherwise harmed anybody; Defendants had no information that Plaintiff had threatened to harm anybody, verbally or otherwise; Defendants had no information that Plaintiff had a weapon in her possession; Plaintiff had committed no crime; and Plaintiff did not resist Defendants or attempt to flee, but rather promptly complied with all commands she was given.

56. The unreasonable use of force by Defendants ~~HEERSCHE and DOES 1-10~~BORDON and WIATT deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57. As a result of Defendants ~~HEERSCHE and DOES 1-10~~BORDON and WIATT's unlawful and unreasonable uses of force against Plaintiff, Plaintiff has

1  suffered significant emotional trauma as detailed above. These Ddefendants are
2  therefore liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

3  58. As a result of Defendants HEERSCHE and DOES 1-10BORDON and
4  WIATT's conduct, they are liable for Plaintiff's injuries, either because they were
5  integral participants in the use of excessive force, or because they failed to intervene
6  to prevent these violations.

7  59. The conduct of Defendants HEERSCHE and DOES 1-10 BORDON and
8  WIATT was willful, wanton, malicious, and done with reckless disregard for the rights
9  and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive
10 damages as to these Defendants.

11 60. Plaintiff brings this claim and seeks damages on this claim, including for
12 Plaintiff's injuries, including for pain and suffering, emotional distress, humiliation,
13 financial loss, and reduced earning capacity.

14 61. Plaintiff also seeks attorney's fees under this claim pursuant to 42 U.S.C.
15 § 1988.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment – Denial of Equal Protection (42 U.S.C. § 1983)**

**Plaintiff against Defendants HEERSCHE and DESJARDINS and DOES 1-10**

19 62. Plaintiff repeats and realleges each and every allegation in the foregoing
20 paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21 63. Under the Equal Protection Clause of the Fourteenth Amendment to the
22 United States Constitution, Plaintiff had the right not to be subjected to differential and
23 unfavorable treatment by law enforcement officials on account of her membership in
24 a constitutionally protected class.

25 64. Plaintiff, as an African American woman, is a member of a
26 constitutionally protected class based on her race.

27 65. After Defendants Defendants BORDON and WIATT pulled Plaintiff
28 over, detained her at the side of the highway, and held her there at gunpoint, Defendants

13
[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES

HEERSCHE and DESJARDINS had no valid reason to arrest Plaintiff, as the mere purported similarity of her vehicle to one used hours earlier in a vehicle chase, without more, was insufficient to establish probable cause to arrest her.

66. As detailed above, the only common characteristic between Plaintiff and the three men whom Defendant HEERSCHE stated were suspected in the earlier vehicle chase was their race. Indeed, in asking whether Plaintiff, an African American woman, had a boyfriend who had been driving her car earlier in the day and who thus would have matched the description of one of the vehicle chase suspects, HEERSCHE expressly drew a connection between Plaintiff and the suspected culprits on account of their shared race.

67. Given the absence of probable cause to arrest Plaintiff, Plaintiff's arrest and Defendant HEERSCHE's statements at the time of the arrest demonstrate that Plaintiff's arrest and subsequent continued detention were racially motivated, based on her and the vehicle chase suspects' common African American identity.

68. Because Defendants HEERSCHE and DESJARDINS ~~and DOES 1-10~~ had no probable cause to arrest Plaintiff, and given the circumstances described above, these Defendants ~~HEERSCHE and DOES 1-10~~ arrested Plaintiff solely based on her race, and acted with the intent and purpose to discriminate against Plaintiff based on her membership in a constitutionally protected class.

69. Plaintiff's discriminatory arrest and continued detention by Defendants HEERSCHE and DESJARDINS ~~and DOES 1-10~~ based on her African American race deprived Plaintiff of her right to equal protection under the law as guaranteed to Plaintiff by the Fourteenth Amendment to the United States Constitution.

70. As a result of Defendants HEERSCHE and DESJARDINS ~~and DOES 1-10~~'s conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the deprivation of Plaintiff's equal protection rights, or because they failed to intervene to prevent these violations.

71. The conduct of Defendants HEERSCHE and DESJARDINS ~~and DOES~~

1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

72. Plaintiff brings this claim and seeks damages on this claim, including for Plaintiff's injuries, including for pain and suffering, emotional distress, humiliation, financial loss, and reduced earning capacity.

73. Plaintiff also seeks attorney's fees under this claim pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TYLER KAI BRYANT requests entry of judgment in her favor and against Defendants DUSTIN HEERSCHE, BRADLEY BORDON, ERIC WIATT, and JODY DESJARDINS and DOES 1-10, inclusive, as follows:

A. For compensatory damages in an amount according to proof at trial;

B. For other general damages in an amount according to proof at trial;

C. For other non-economic damages in an amount according to proof at trial;

D. For other special damages in an amount according to proof at trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. Attorney's fees pursuant to 42 U.S.C. § 1988;

G. For interest;

H. For reasonable costs of this suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: May October 516, 2023          LAW OFFICES OF DALE K. GALIPO

By: _____
DALE K. GALIPO
BENJAMIN S. LEVINE
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff named herein hereby demands a trial by jury.

DATED: ~~May~~ October ~~5~~16, 2023       **LAW OFFICES OF DALE K. GALIPO**

By: _____
DALE K. GALIPO
BENJAMIN S. LEVINE

Attorneys for Plaintiff