PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, JR., State Bar No. 213796
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR., State Bar No. 306115
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
Dustin Heersche, Bradley Bordon, Eric Wiatt, and Jody Desjardins

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER KAI BRYANT,<br><br>            Plaintiffs,<br><br>      vs.<br><br>DUSTIN HEERSCHE; BRADLEY BORDON; ERIC WIATT; AND JODY DESJARDINS,<br><br>            Defendants. | Case No. 2:23-cv-03434 JLS (PVCx)<br><br>Honorable Josephine L. Staton<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW Defendants DUSTIN HEERSCHE, BRADLEY BORDON, ERIC WIATT, and JODY DESJARDINS ("Defendants") and answering Plaintiff Tyler Kai Bryant's ("Plaintiff") First Amended Complaint for Damages ("Complaint") on file herein, for themselves and for no others, admit, deny, and allege as follows:

1.     Answering Paragraph 1 of the Complaint, Defendants admit that under the facts alleged, the Court has subject matter jurisdiction over Plaintiff's federal law claims at this time.

2.     Answering Paragraph 2 of the Complaint, Defendants admit that venue is proper under the facts alleged.

3.     Answering Paragraphs 3, 9, 10, 11, 15, 17-25, 27-29, 31, 32, 34-37, 39, 40, 43-52, 55-61, 65-73, and the Prayer for Relief of the Complaint, Defendants deny generally and specifically each and every allegation contained therein, and further deny that Plaintiff is entitled to an award of damages, or any other relief as a result of any act or omission by these Defendants.

4.     Answering Paragraphs 4, 13, 14, 16, 26, 30, 33, 38, and 41 of the Complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations of these Paragraphs, and on that ground, deny each and every allegation contained therein.

5.     Answering Paragraph 5 of the Complaint, Defendants admit that Dustin Heersche is a sworn Ventura County Senior Deputy Sheriff, and that he was acting under color of law and in the course and scope of his employment at all times relevant to the Complaint.  Answering the remaining portions of Paragraph 5, Defendants deny each and every other allegation contained therein.

6.     Answering Paragraph 6 of the Complaint, Defendants admit that Bradley Bordon is a sworn Ventura County Deputy Sheriff, and that he was acting under color of law and in the course and scope of his employment at all times relevant to the Complaint.  Answering the remaining portions of Paragraph 6, Defendants deny each and every other allegation contained therein.

7.     Answering Paragraph 7 of the Complaint, Defendants admit that Eric Wiatt is a sworn Ventura County Deputy Sheriff, and that he was acting under color of law and in the course and scope of his employment at all times relevant

to the Complaint. Answering the remaining portions of Paragraph 7, Defendants deny each and every other allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendants admit that Jody Desjardins is a sworn Sergeant with the Ventura County Sheriff's Office, and that she was acting under color of law and in the course and scope of her employment at all times relevant to the Complaint. Answering the remaining portions of Paragraph 8, Defendants deny each and every other allegation contained therein.

9. Answering Paragraph 12 of the Complaint, Defendants incorporate by reference their response to Paragraphs 1-11 as set forth herein.

10. Answering Paragraph 42 of the Complaint, Defendants incorporate by reference their response to Paragraphs 1-41 as set forth herein.

11. Answering Paragraph 53 of the Complaint, Defendants incorporate by reference their response to Paragraphs 1-52 as set forth herein.

12. Answering Paragraph 54 of the Complaint, this Paragraph states legal conclusions to which no response is required. As for the remaining portions of the Paragraph, Defendants deny generally and specifically each and every allegation contained therein.

13. Answering Paragraph 62 of the Complaint, Defendants incorporate by reference their response to Paragraphs 1-61 as set forth herein.

14. Answering Paragraphs 63 and 64 of the Complaint, these Paragraphs state legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

15. Defendants are entitled to the benefit and protection of qualified immunity, in that there was no constitutional violation, no violation of any clearly established constitutional or statutory right, and that a reasonable official in their positions could have believed their conduct was lawful.

**SECOND AFFIRMATIVE DEFENSE**

16. That Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against these Defendants under 42 U.S.C. § 1983, because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), is not a federal civil rights violation.

**THIRD AFFIRMATIVE DEFENSE**

17. Plaintiff's Complaint fails to state a cause of action against these answering Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

18. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the Complaint with specificity.

**FIFTH AFFIRMATIVE DEFENSE**

19. Neither a public entity nor a public employee is liable for their act or omission, exercising due care, in the execution or enforcement of any law.

**SIXTH AFFIRMATIVE DEFENSE**

20. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

**SEVENTH AFFIRMATIVE DEFENSE**

21. Neither a public entity nor a public employee is liable for any injury resulting from their act or omission where the act or omission was the result of the exercise of the discretion vested in them, whether or not such discretion is abused.

**EIGHTH AFFIRMATIVE DEFENSE**

22. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that they would have been liable had the enactment been

constitutional, valid and applicable.

### NINTH AFFIRMATIVE DEFENSE

23. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

### TENTH AFFIRMATIVE DEFENSE

24. Neither a public entity nor a public employee is liable for an injury caused by the adoption of or failure to adopt an enactment or by the failure to enforce an enactment.

### ELEVENTH AFFIRMATIVE DEFENSE

25. Defendants are entitled to quasi-judicial immunity.

### TWELFTH AFFIRMATIVE DEFENSE

26. Any injury to Plaintiff was due to and caused by the negligence and omissions of the Plaintiff to care for herself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

27. The damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

### FOURTEENTH AFFIRMATIVE DEFENSE

28. To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and damages if any, should be reduced in direct proportion to Plaintiff's fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

29. The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any

liability is found on the part of Defendants, judgment against Defendants be only in an amount which is proportionate to the extent and percentage by which Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all.

**SIXTEENTH AFFIRMATIVE DEFENSE**

30. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

31. Defendants are not liable pursuant to the doctrine of assumption of risk.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred by the doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

34. Plaintiff has failed to mitigate her damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

35. Reasonable suspicion existed for the contact and detention of Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

36. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and not by reason of any unlawful acts or omissions of Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

37. Plaintiff has failed to join all necessary parties to this action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

38. Defendants are not legally responsible for the acts and/or omissions of the DOE defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

39. Probable cause existed for the arrest of the Plaintiff, and Plaintiff's detention was lawful.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

40. Plaintiff's Complaint fails to state a cause of action against Defendants for punitive damages in that punitive damages violate due process of law rights.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

41. Plaintiff's refusal to follow medical recommendations and prescribed care is a superseding cause of any alleged injuries and Plaintiff's claims are barred by the doctrine of waiver and release.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

42. Defendants did not exhibit subjective deliberate indifference, the requisite federal culpability standard, and therefore cannot be liable to Plaintiff.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

43. The force, if any, used on Plaintiff was reasonable under the circumstances and any injury or damages allegedly suffered by Plaintiff were due to and caused by reason of Plaintiff's unlawful acts and conduct.

**THIRTIETH AFFIRMATIVE DEFENSE**

44. To the extent that any force was used in detaining Plaintiff and arresting Plaintiff, it was privileged as necessary to affect the arrest, to prevent escape, or to overcome resistance.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

45. Plaintiff knew or should have known that she was being detained by a peace officer and had the duty to refrain from resisting the lawful detention.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

46. The actions of Defendants were in all respects reasonable, proper and legal.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

47. Plaintiff was lawfully detained rather than arrested.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

48. The force, if any, used on Plaintiff was reasonable under the circumstances and any injury or damages allegedly suffered by Plaintiff were due to and caused by reason of Plaintiff's acts and conduct.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

49. Defendants are protected by the application of qualified immunity, in that there was no constitutional right, it was not violated, and it was not clearly established under the circumstances at issue, as explicated by *Ryburn v. Huff*, 132 S.Ct. 987 (2012), *Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014), *Brosseau v. Haugen*, 543 U.S. 194 (2004), *Heien v. North Carolina*, 135 S.Ct. 530 (2014), and *City and County of San Francisco v. Sheehan*, 135 S.Ct. 1765 (2015).

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are precluded by the doctrines of res judicata and collateral estoppel.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

51. Because the Complaint is couched in conclusory terms, the answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

//
//
//
//
//
//

1     Wherefore, Defendants Dustin Heersche, Bradley Bordon, Eric Wiatt, and Jody Desjardins pray that Plaintiff Tyler Kai Bryant takes nothing by way of the Complaint for Damages and that Defendants herein recover costs and such other and further relief as the Court may deem just and proper.

Dated: November 13, 2023      LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Rocco Zambito, Jr.
      Rocco Zambito, Jr.
      Attorneys for Defendants
      Dustin Heersche, Bradley Bordon,
      Eric Wiatt, and Jody Desjardins

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Dustin Heersche, Bradley Bordon, Eric Wiatt, and Jody Desjardins demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: November 13, 2023              LAWRENCE BEACH ALLEN & CHOI, PC


                                      By  /s/ Rocco Zambito, Jr.
                                          Rocco Zambito, Jr.
                                          Attorneys for Defendants
                                          Dustin Heersche, Bradley Bordon,
                                          Eric Wiatt, and Jody Desjardins